IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01914-REB-KMT

GABRIEL ZAPATA,

    Applicant,

v.

J.M. WILNER, Warden, FCI-Florence,

    Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on the "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Application") [Doc. No. 2, filed September 8, 2008]. Respondent's "Answer to Application for a Writ of Habeas Corpus" ("Resp.") was timely filed on November 25, 2008. [Doc. No. 14.] Pursuant to Title 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, this matter was referred to this court for recommendation. Based on the record contained herein, I recommend that the Application be DENIED and that this matter be dismissed.

## *STATEMENT OF THE CASE*

    Applicant Gabriel Zapata is a prisoner in the custody of the United States Bureau of Prisons ("BOP") who currently is incarcerated at the Federal Correctional Institution ("FCI") in Florence, Colorado. (Resp. at 1.) In October 2007, the U.S. District Court for the Southern

District of Texas sentenced Applicant to thirty-nine months of incarceration, followed by three years of supervised release, for violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). (Application at 6–7; Resp. At 2.) He arrived at FCI Florence on January 18, 2008 to begin serving his sentence. (Resp. at 2.) Applicant has a projected release date of April 7, 2010. (Application at 7; Resp. at 2.)

Applicant contends and Respondent does not dispute that although Applicant was allowed to participate in RDAP, he was ineligible for the sentence reduction based upon his felony conviction of possession of a firearm. (*Id.*) Applicant claims Respondent has wrongfully denied him the opportunity to earn a reduction in his sentence as authorized pursuant to 18 U.S.C. § 3621(e)(2)(B) for successful participation in the BOP's Residential Drug and Alcohol Treatment Program ("RDAP"). (Application at 2.) Applicant contends that the Ninth Circuit invalidated the BOP's rules in *Arrington v. Daniels*, 516 F.3d 1105 (9th Cir. 2008). (*Id.* at 7–8.)

**LEGAL STANDARDS**

    *A.*    **Pro Se** *Applicant*

Applicant is proceeding pro se. Therefore the court must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even as a pro se litigant, Applicant is required to comply with the fundamental requirements of the rules of procedure. *Wellington v. Mukasey*, 2008 WL 276047, *2 (10th Cir. 2008); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). The Court will carefully weigh the need for Applicant to present constitutional claims against any procedural defects

caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

   **B.**  *Jurisdiction – Title 28 U.S.C. § 2241*

An application for habeas corpus relief may be filed when an applicant alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004). When an inmate challenges the length or duration of his confinement, 28 U.S.C. § 2241 is the proper jurisdictional basis. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). However, where a prisoner "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions," jurisdiction is not proper under 28 U.S.C. § 2241, and his remedy is under the civil rights laws. *McIntosh* at 812 (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

*ANALYSIS*

Title 18 U.S.C. § 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates who meet the statutory eligibility requirements that include conviction of a nonviolent offense and successful completion of a substance abuse treatment program. The BOP has exercised its discretion by adopting a regulation and a program statement implementing § 3621(e)(2)(B). *See* 28 C.F.R. § 550.58; BOP Program Statement 5162.04, Categorization of Offenses (Oct. 9, 1997). Under the regulation and the program statement, the BOP director is afforded discretion to exclude certain categories of inmates from eligibility for a sentence

reduction. 28 C.F.R. § 550.58(a)(1); BOP Program Statement 5162.04. Among the excluded categories of inmates are inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(B).

Applicant does not deny that, under 28 C.F.R. § 550.58(a)(1)(vi) and the BOP's Categorization of Offenses Policy, his current offense, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g), disqualifies him for early release. He argues instead that, under the Ninth Circuit's decision in *Arrington*, the regulation is invalid because the BOP promulgated it in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

The Supreme Court in *Lopez v. Davis*, 531 U.S. 230 (2001), has already upheld the identical regulation at issue in this case. *Lopez* involved a habeas petition filed by an inmate who was denied eligibility for early release under the RDAP program because he possessed a firearm in connection with his current offense, a drug crime. *Lopez*, 531 U.S. at 236. The question the Court addressed was "whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(B)." *Id.* at 238. The Court held that, by enacting 18 U.S.C. § 3621(e)(2)(B), Congress gave the BOP discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment. *Id.* at 242. In granting this discretion, however, Congress did not identify any "further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." *Id.* Accordingly, the Court held, "all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's

4

revealed design.'" *Id.* (quoting *Nations Bank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)). The Supreme Court concluded that the BOP's interpretation was reasonable and upheld the regulation. Mr. Lopez argued that the regulation was arbitrary and capricious because it took into account his preconviction conduct as well as his conduct in prison, and because it categorically excluded certain inmates from eligibility for early release without making individualized determinations of eligibility. The Court rejected both arguments, reasoning that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb" and is not required to engage in individualized assessments that "could invite favoritism, disunity, and inconsistency." 531 U.S. at 242, 244. The Court found that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244.

The Tenth Circuit, in accordance with the ruling in *Lopez*, has repeatedly applied 28 C.F.R. § 550.58(a)(1)(vi)(B) to hold that an inmate who is serving a sentence for being a felon in possession of a firearm is ineligible for sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See, e.g., Martin v. Rios*, 472 F.3d 1206 (10th Cir. 2007) (felon in possession of a firearm); *Satterwhite v. Rios*, 215 Fed. Appx. 775 (10th Cir. 2007) (felon in possession of a firearm); *Iverson v. Rios*, 2007 WL 404710 (10th Cir. 2007) (possession of a firearm by a prohibited person); *Hobbs v. Rios*, 2007 WL 404699 (10th Cir. 2007) (felon in possession of a firearm).

Under these controlling authorities, Applicant, whose current offense is the felony of Felon in Possession of a Firearm, is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

Plaintiff's entire claim relies on the Ninth Circuit's ruling in *Arrington*, in which eighteen inmates in Oregon who were convicted of offenses involving the carrying, possession, or use of a firearm challenged the validity of 28 C.F.R. § 550.58(a)(1)(vi)(B) under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). The Ninth Circuit acknowledged that it must uphold the regulation if it is supported by a "reasonable basis." *Arrington*, 516 F.3d at 1112. However, it held that it must look only to the administrative record to determine whether a reasonable basis existed. *Id.* The *Arrington* court dismissed both of the rationales offered by the BOP – public safety and uniform application of eligibility requirements – as post hoc rationalizations not adequately set forth in the administrative record, and held that "the agency's lack of explanation for its choice renders its decision arbitrary and capricious." *Id.* at 1113–14. The Ninth Circuit stated its decision did not contradict *Lopez* because *Lopez* addressed a different question. While *Lopez* concerned the BOP's "authority" to promulgate the rule, the Ninth Circuit reasoned that *Arrington* concerned the BOP's compliance with the APA in promulgating the rule. *Id.* at 1114–15.

However, to date, no court outside the Ninth Circuit has followed *Arrington*, and most courts have rejected *Arrington* as contrary to *Lopez*. *See Muolo v. Quintana*, 593 F. Supp.2d 776 (W.D. Pa. 2009); *Minotti v. Whitehead*, 584 F. Supp. 2d 750 (D. Md. 2008); *see also Norcutt v. Zych*, No. 08-CV-14888, 2009 WL 514083 (E.D. Mich. Mar. 2, 2009) (unpublished); *Holloway v. Eichenlaub*, No. 08-11347, 2009 WL 416325 (E.D. Mich. Feb. 18, 2009) (unpublished);

*Griffin v. Federal Bureau of Prisons*, No. 3:08-2080-SB, 2009 WL 482352 (D.S.C. Feb. 23, 2009) (unpublished); *Gardner v. Grandolsky*, No. 08-6127(RMB), 2009 WL 467848 (D.N.J. Feb. 23, 2009) (unpublished); *Johnson v. Phillips*, No. 1:08CV179, 2009 WL 304744 (N.D.W. Va. Feb. 6, 2009) (unpublished); *Huerta v. Berkebile*, No. 3:09-CV-008-L, 2009 WL 230163 (N.D. Tex. Jan. 30, 2009) (unpublished); *Martinez v. Berkebile*, No. 3-08-CV-1788-D, 2009 WL 159231 (N.D. Tex. Jan. 21, 2009) (unpublished); *Cross v. Berkebile*, No. 3-08-CV-1379-M, 2009 WL 159280 (N.D. Tex. Jan. 21, 2009) (unpublished); *Clark v. Berkebile*, No. 3-08-CV-1718-M, 2009 WL 89251 (N.D. Tex. Jan. 13, 2009) (unpublished); *Serrano v. Berkebile*, No. 3-08-CV-1587-K, 2009 WL 81017 (N.D. Tex. Jan. 9, 2009) (unpublished); *Ramirez v. Berkebile*, 2008 WL 5435334 (N.D. Tex. Dec. 2008) (unpublished); *Snipe v. Dep't of Justice*, No. 3:08-cv-22, 2008 WL 5412868 (N.D.W. Va. Dec. 23, 2008) (unpublished); *Sinclair v. Eichenlaub*, No. 2:07-CV-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008) (unpublished); *Neal v. Grondolsky*, 2008 WL 4186901 (D.N.J. Sept. 9, 2008) (unpublished); *Gatewood v. Outlaw*, 2008 WL 2002650 (E.D. Ark. May 8, 2008) (unpublished).

This court agrees with Respondent that the Ninth Circuit's holding in *Arrington* is not controlling and is unpersuasive and, therefore, declines to follow it. Simply put, while *Arrington* may be persuasive authority in other jurisdictions, at this time, it is only applicable to inmates within the Ninth Circuit. Applicant is not incarcerated within the Ninth Circuit. Thus, he is not entitled to receive a benefit from that decision.

## *CONCLUSION*

WHEREFORE, for the foregoing reasons, I respectfully RECOMMEND that

the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 2] be DENIED, and that this case be dismissed.

## *ADVISEMENT TO THE PARTIES*

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge